```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                  CRIMINAL ACTION NO. 2:19-00023

STEVEN CRAIG COLEMAN

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's letter form motion for compassionate release due to the COVID-19 pandemic.  (ECF No. 34.)  Defendant maintains that he suffers from "a very weak immune system" and has "been sick several times since the pandemic has begun[.]"  See id.  The government opposes defendant's motion arguing that it must be denied because defendant failed to exhaust or attempt to exhaust his administrative remedies by seeking compassionate release from the BOP directly.  The United States also argues that defendant has not identified extraordinary or compelling reasons for a sentence reduction and that the factors under 18 U.S.C. § 3553(a) do not support release.  See ECF No. 37-1.*

On April 10, 2019, Coleman pled guilty to Count Three of a three-count indictment charging him with possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §

---

* The government's motion to seal, ECF No. 37, is **GRANTED** insofar as it requests that the exhibits to the government's response be filed under seal.  However, the Response of the United States to Defendant's Motion, should not be filed under seal and the motion is **DENIED** as to ECF No. 37-1..

841(a)(1).  On August 13, 2021, Coleman was sentenced to a term of imprisonment of 52 months to be followed by a term of supervised release of three years.  Defendant is currently housed at Pittsburgh RRM and, according to the Bureau of Prisons' website, his current projected release date is April 6, 2022.  At the time his motion was filed, defendant was incarcerated at FCI Butner Medium II.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment previously imposed if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is with applicable policy statements issued by the Sentencing Commission[.]"  See also United States v. McCoy, 981 F.3d 271, 280 (4th Cir. 2020).  It is worth emphasizing that compassionate release is "an extraordinary and rare event."  United States v. Mangarella, 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, *2-3 (W.D.N.C. Mar. 16, 2020).  "Simply put, the coronavirus is not tantamount to a 'get out of jail free' card."  United States v. Williams, PWG13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020).

The First Step Act empowers criminal defendants to ask courts to grant them compassionate release pursuant to 18 U.S.C § 3582(c).  But before they make such requests to the court,

defendants must first ask BOP via the administrative process and give BOP thirty days to respond. See id. § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after either BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment." Id. § 3582(c)(1)(A)(i).

Here, the BOP has confirmed that defendant has not made a request to the warden of the facility seeking compassionate release. See Government's Response at pp. 4-5. Nor does defendant maintain or offer documents to indicate that he has complied with the prerequisite for seeking compassionate relief in this court, i.e., that he submitted a request for compassionate relief to the BOP.

A defendant who moves for compassionate release must "exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release." McCoy, 981 F.3d at 283. This non-jurisdictional threshold requirement is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on [his] behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." United States v.

3

Muhammad, 16 F. 4th 126, 131 (4th Cir. 2021) (emphasis in original).

Coleman has failed to establish that he has exhausted his administrative remedies or that thirty days have lapsed from the warden's receipt of defendant's request for compassionate release. Thus, defendant's motion for compassionate release is **DENIED without prejudice.** The court does not address whether defendant would satisfy the "extraordinary and compelling reasons" necessary to warrant a reduction in his sentence pursuant to 18 U.S.C. § 3582(c).

The Clerk is directed to send a copy of this Order to defendant, counsel of record, and the Probation Office of this court.

It is SO ORDERED this 4th day of February, 2022.

ENTER:

David A. Faber
Senior United States District Judge